# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50662

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JACK CAMERON COPELAND,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-45-1

Before HIGGINBOTHAM, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

In 2007, Jack Cameron Copeland was convicted of criminal sexual conduct under Minnesota law and sentenced to three years in prison. Upon release, he was required to register as a predatory sex offender until August 2026. He failed to do so when he moved to Texas in August 2016. Six months later, the authorities arrested Copeland for failing to comply with the Sex Offender Registration and Notification Act. 18 U.S.C. § 2250(a). After he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pleaded guilty, the district court imposed a 27-month prison sentence, which was the low end of the advisory Guidelines range.

Copeland contests his sentence. He argues that the district court erred in denying him a three-level reduction to his offense level because he voluntarily "attempted to register but was prevented from registering by uncontrollable circumstances." U.S.S.G. § 2A3.5(b)(2)(B). Copeland argued he was entitled to this reduction because when he first moved to Texas he twice went to the Midland Police Department in an effort to register. Copeland says he was unable to register the first time because the department's computer system was not working and the officer was "busy." When he returned, he still could not register, but "the officer's secretary took his name and address and everything." The district court found that, even if it accepted Copeland's story, those facts did not excuse his failure to register. It further explained that "[t]here are other means available, and it is not the responsibility of the law enforcement agency to chase down the offender."

Copeland is unable to show that the district court clearly erred in rejecting his argument that uncontrollable circumstances prevented him from registering. *United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). Copeland had been living in Texas for six months. Nothing prevented Copeland from going back to the police station during that time, registering by other means, or even calling the police station to see if the registration had been completed. All of these options were within Copeland's control. The question is not whether uncontrollable circumstances prevented Copeland from registering on one particular day; it is whether uncontrollable circumstances prevented him from ever registering during the six-month period prior to his arrest.

To breathe life into his argument, Copeland maintains that the district court imposed a heightened and incorrect standard by requiring him to have

made "all diligent efforts" and to have faced "extraordinary circumstances." According to Copeland, "uncontrollable circumstances" means "circumstances not subject to the defendant's control or direction," and not "exceptional circumstances." It is not clear to us that "extraordinary circumstances" creates a higher threshold than uncontrollable ones. There are extraordinary circumstances that remain within the control of the person affected. But we need not delve into the metaphysical to decide this case. Copeland is too closely parsing the district court's off-the-cuff explanation at the sentencing hearing. Each of those words should not be given the significance that we give words in the United States Code or the Sentencing Guidelines. The district court did what the Guideline required: it assessed whether uncontrollable circumstances prevented Copeland from registering. In making the rather obvious conclusion that they did not, the district court's lodestar was the "uncontrollable" standard. The verbiage it used in elaborating on its reasons does not give us concern that the court failed to properly apply the Guideline.

**\* \* \***

The judgment of the district court is AFFIRMED.